Wyly, J.
In this controversy the important question is whether plaintiffs’ property situated on Bourbon street, actually used as a school house for the purpose of educating female children, is liable tothe taxes of the city of New Orleans for the year 1869.
Under the charter of the city existing prior to the constitution of 1868, and in force when the taxes in question were levied, property actually used for a school was not exempt from taxation, unless it exclusively belonged to an incorporated or a religious society. Therefore the defendant contends thát the property of plaintiffs is not exempt from the taxes of 1869.
On the other hand, it is urged that subsequent to the charter of the city denying exemption from taxes to plaintiffs’ school house, the constitution of 1868 was adopted, which provides, article 118, that “taxation shall be equal and uniform throughout the State. All property *189 shall he taxed in proportion to its value, to be ascertained as directed by law. Tlie G-eneral Assembly shall have power to exempt from taxation property actually used for church, school or charitable purposes.” ******
And to carry into effect this constitutional provision, the General Assembly on twenty-first October, 1868, prior to the assessment of the taxes in question, passed an act exempting “colleges, school houses and other buildings for the purpose of education, and their furniture, apparatus and all equipments, and the lots thereto appurtenant and used therewith, so long as the same shall be actually used for that purpose.” It is urged that this law, in force at the time the taxes complained of were levied, exempted plaintiffs’ school house from taxation by the city. It has been decided by this court that the express grant of authority in article 118 of the ebnstitution, to exempt from taxation property actually used for church, school or charitable purposes, by implication prohibits the General Assembly from exempting property not actually used for such purposes. Morrison v. Larkin, tax collector, 26 An.
Assuming that the statute of 1868, exempting all the property from taxation that the constitution authorizes, had as much effect as if the exemption had been mentioned in the constitution itself, the question is, did this exemption relieve the property of plaintiffs from subsequent municipal taxation under the city charter previously granted, which contained no such exemption ?
We think an exemption from taxation of property used for certain purposes, expressly granted in the constitution, or in a law specially authorized by the constitution, means an exemption from all taxation, municipal as well as State; that when the people, speaking through the constitutional convention and through the Legislature, declare that all property actually used for church, school or charitable purposes, shall be exempt from taxation, they mean a complete, not a partial, exemption from the burden of taxation; also, that this limitation shall apply to the power of taxation previously delegated to the municipal corporations of the State. Therefore we conclude that the school house of the plaintiffs was not liable to the taxes of 1869, assessed by the city of New Orleans.
It is therefore ordered that the judgment herein in favor of defendant be annulled, and it is decreed that there be judgment for plaintiffs perpetually injoining the defendant from collecting the taxes assessed against their property for the year 1869, also annulling the judgment obtained by the defendant for the amount of said taxes. It is further ordered that the defendant pay costs of both courts:
Rehearing refused.